UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DINA BISSON,** | : | **CIVIL ACTION NO.:** |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | ***JURY TRIAL DEMANDED*** |
| **WORKDAY, INC.,** | : | |
| | : | |
| Defendant. | : | **JANUARY 23, 2017** |

## COMPLAINT

Plaintiff Dina Bisson, through her attorneys Lucas Bagnell Varga LLC, hereby alleges as follows:

### *PRELIMINARY STATEMENT*

This action is brought by Dina Bisson and seeks damages arising out of defendant's discrimination in her employment and for retaliation in violation of Title VII and Connecticut State law.

### *PARTIES*

1. Plaintiff Dina Bisson is a female citizen of the State of Connecticut, currently residing in Wilton, Connecticut.

2. Defendant Workday, Inc. is a Delaware corporation having its principal place of business at 350 5th Avenue, Suite 4900, New York, NY 10118. At all times relevant hereto, defendant was in the business of providing a cloud-based software and applications for global customers in areas such as financial management, human-capital management, and cloud integrations.

## JURISDICTION AND VENUE

3. Jurisdiction over the subject matter of this litigation exists under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. As to those claims not arising under federal law but clearly so related to the claims in this action within the original jurisdiction of this Court, jurisdiction exists under the doctrine of supplemental jurisdiction as codified in 28 U.S.C. §1367.

4. Plaintiff timely filed administrative charges of discrimination and retaliation with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about June 24, 2016, and has received a Notice of Right to Sue letter from the EEOC dated January 17, 2017, as well as a Release of Jurisdiction from the CHRO dated January 17, 2017. Copies are attached hereto as Exhibits A and B, respectively.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(1) and (2), as the unlawful conduct complained of herein took place within the District of Connecticut and both parties reside in the District.

## STATEMENT OF FACTS

6. Plaintiff began her employment with defendant on or about November 9, 2015 in the capacity of Senior Recruiter, Sales.

7. Plaintiff's responsibilities included supporting the recruiting and hiring needs of several Regional Vice Presidents.

8. Plaintiff worked two days per week from her home in Wilton, Connecticut, and the remaining three days at defendant's New York office. On weekends plaintiff worked from her home in Connecticut.

9. Plaintiff was hired by, and reported directly to, Ms. Nicole Jagoe, Workday Senior Manager, Talent Acquisition. Ms. Jagoe expressly represented to plaintiff that working from her home would not be an issue and that the company was supportive of her status as a mother of a young child.

10. Plaintiff performed her duties well, earning a discretionary bonus all the way to the date of her "suspension" in April 2016.

11. Prior to April 2016, at the end of the fiscal quarter on January 31, 2016, plaintiff began reporting to Justin McWhorter, Manager, Sales Recruiting, who was placed between plaintiff and her prior direct report, Ms. Jagoe.

12. At or about this time, Director of Sales, Mr. Matthew Radman, was appointed to be a new Vice President plaintiff was to support.

13. Within a few short weeks of working with Mr. Radman, it became apparent that he had an issue with plaintiff's arrangement working from home. He commented to plaintiff that caring for her child while working was "unprofessional." As a result, he began expressing a preference and working with plaintiff's male peer, hired at or about the same time as plaintiff, on various assignments and duties that were to be exclusively within plaintiff's purview. In addition, this male peer was held to a different standard of conduct than plaintiff, being allowed to arrive late at work and otherwise held to more lenient standards.

14. Shortly thereafter, Mr. Radman complained to Mr. McWhorter that he had issues with plaintiff, and as a result, plaintiff was immediately placed on a 30-day Performance Improvement Plan ("PIP").

15. Prior to expiration of the PIP, during which plaintiff met or exceeded all objective goals set for her, plaintiff inquired of Mr. McWhorter if she was to remain in her position after the expiration of the 30-day PIP period.

16. It was represented to plaintiff by Mr. McWhorter that yes, plaintiff would remain in her position and that she would be moving forward in her position beyond the PIP and continuing with her employment.

17. Secure in the knowledge that she had successfully completed the PIP, and in reliance upon Mr. McWhorter's assurances, plaintiff informed Mr. McWhorter on April 11, 2016 that Mr. Radman had issues working with women, and that this bias had led to his complaint about her and the resulting PIP.

18. That same day, April 11, 2016, plaintiff also submitted a written complaint to defendant's Human Resources department complaining of sex discrimination.

19. Plaintiff then had a meeting with Human Resources on April 14, 2016, during which plaintiff again complained of unequal treatment and sex discrimination.

20. The next day, on April 15, 2016, plaintiff was summoned to a meeting and terminated by Mr. McWhorter and Ms. Jagoe. During the termination meeting, plaintiff was specifically told by Mr. McWhorter that he was aware of her formal complaints of mistreatment and that plaintiff was being let go immediately.

21. That afternoon, a representative from Human Resources, apparently having learned of the termination statements to plaintiff, informed plaintiff it was now the company's position she had "failed" the PIP, but there was a "miscommunication" and that plaintiff should have been placed on paid leave due to her complaint, not terminated. Plaintiff was told to stay home and that an "investigation would be performed."

22. Subsequent to the above, plaintiff was never allowed to return to work. All duties were taken from her and her personal items from the New York office returned to her.

23. Plaintiff was "interviewed" by telephone on May 19, 2016. No timeframe for her return was set despite several email inquiries by plaintiff to the Human Resources representative handling this matter, Ms. Lily Casha, as to the status of the investigation and the date of her return.

24. On or about June 13, 2016, plaintiff, through counsel, wrote to counsel for defendant in furtherance of her claims and requesting reinstatement, noting the impropriety of her treatment.

25. On June 17, 2016, defendant's counsel informed plaintiff's counsel that an investigation was still "ongoing."

26. On June 28, 2016, plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities, as well as with the Equal Employment Opportunity Commission.

27. On August 10, 2016, a week or two after the CHRO gave notice of plaintiff's filing, plaintiff was informed by defendant that the "investigation" was complete and that defendant "[would] be proceeding with the termination of [her] employment in the coming week."

## *FIRST COUNT*
### *(29 U.S.C. §2000, Title VII – Discrimination)*

28. Plaintiff hereby repeats and realleges paragraphs 1 to 27 as if more fully set forth herein.

29. Defendant is an "employer" as defined by 42 U.S.C. §2000e(b). Likewise, from November 9, 2015, until April 15, 2016, Plaintiff was an employee of defendant, as that term is defined in 42 U.S.C. §2000e(f).

30. Defendant at all times relevant hereto has employed more than 15 employees.

5

31. Defendant's conduct, by and through its agents, in treating plaintiff in the manner unequal to other employees, discriminatorily denied plaintiff equal treatment on the basis of sex, in violation of Title VII, as amended by the Civil Rights Act of 1991.

32. Defendant, in failing to adequately investigate and remedy the treatment to which plaintiff was subjected, despite defendant's knowledge of the conduct, discriminatorily denied plaintiff equal treatment on the basis of sex, in violation of Title VII.

33. As a result of the behavior of its agents and employees, defendant subjected plaintiff to illegal discrimination. Moreover, defendant, through the actions of its agents and employees, unreasonably interfered with plaintiff's work performance.

34. Plaintiff's complaints of discrimination were used by defendant as a basis for adverse employment decisions affecting plaintiff, including but not limited to termination of her employment.

35. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

## SECOND COUNT
### (Connecticut General Statutes §46a-60(a)(1) – Unlawful discrimination)

36. Plaintiff hereby repeats and realleges paragraphs 1 to 27 as if more fully set forth herein.

37. Plaintiff was at all times relevant hereto an "employee" as that term is defined in Connecticut General Statutes §46a-51(9).

38. Defendant is an "employer" as that term is defined in Connecticut General Statutes §46a-51(10).

39. At all relevant times hereto, defendant employed more than three persons.

40. Defendant's conduct, by and through its agents, in treating plaintiff in the manner unequal to other employees, discriminatorily denied plaintiff equal treatment on the basis of sex, in violation of C.G.S. §46a-60(a)(1).

41. Defendant, in failing to adequately investigate and remedy the treatment to which plaintiff was subjected, despite its knowledge of the conduct, discriminatorily denied plaintiff equal treatment on the basis of sex, in violation of C.G.S. §46a-60(a)(1).

42. As a result of the behavior of its agents and/or employees, defendant unreasonably interfered with plaintiff's work performance, and plaintiff's complaints of discrimination were used by defendant as a basis for adverse employment decisions affecting plaintiff, including but not limited to the termination of her employment.

43. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

### *THIRD COUNT*
### *(42 U.S.C. §2000e-3 (Title VII) – Retaliation)*

44. Plaintiff hereby repeats and realleges paragraphs 1 to 27 as if more fully set forth herein.

45. Plaintiff repeatedly complained to defendant's management about the discriminatory manner in which she was being treated.

46. As a result of plaintiff's complaints of sex discrimination, defendant retaliated against plaintiff by, *inter alia*, (a) failing to allow her to perform her duties, (b) suspending plaintiff and refusing to address or adequately investigate her concerns, (c) refusing to allow plaintiff to return to work, and (d) terminating plaintiff's employment.

47. The actions of defendant were taken in retaliation for plaintiff's effort to protect her rights and the rights of other employees, in violation of 42 U.S.C. §2000e-3, Title VII.

48.     As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

## FOURTH COUNT
### *(Connecticut General Statutes §46a-60(4) – Retaliation)*

49.     Plaintiff hereby repeats and realleges paragraphs 1 to 27 and 44-48 as if more fully set forth herein.

50.     The actions of defendant were taken in retaliation for plaintiff's efforts to protect her rights and the rights of other employees to be free from illegal discrimination on the basis of sex, and as such, defendant's actions were in violation of C.G.S. §46a-60(4).

51.     As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

*WHEREFORE,* plaintiff demands:

1. Statutory compensatory and punitive damages;

2. Equitable relief in the form of reinstatement or front pay, as considered appropriate by the Court;

3. Attorneys' fees, expert witness fees, and costs of this action, pursuant to 42 U.S.C. §1988;

4. Compensatory damages, including loss of enjoyment of life, emotional pain and suffering, back pay, bonuses, and the value of all other employment benefits in an amount to be determined by the trier of fact, with interest from the date when said sums were due;

5. Actual and compensatory damages under CFEPA;

6. Attorney's fees;

7. Prejudgment interest and costs;

8. An injunction permanently enjoining the defendant, its agents, employees, successors, assigns and all persons who acted in concert and participation with defendant, from engaging in any employment practice which discriminates on the basis of sex; and

9. Such other and further relief as this Court shall deem just and proper.

The plaintiff demands a trial by jury on all counts.

**PLAINTIFF**
**DINA BISSON**

By     /s/ Scott R. Lucas
Scott R. Lucas, Esq. (ct00517)
Lucas Bagnell Varga LLC
2425 Post Road, Suite 200
Southport, CT 06890
Phone: (203) 227-8400
Fax: (203) 227-8402
slucas@lbv-law.com

*Attorney for Plaintiff*

**EXHIBIT A**

EEOC Form 161-B (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Dina Bisson<br>23 Cardinal Lane<br>Wilton, CT 06897 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2016-01493 | Amon L. Kinsey, Jr.,<br>Intake Supervisor | (617) 565-3189 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kenneth An*    11/17/2016

Enclosures(s)            Feng K. An,             (Date Mailed)
                Area Office Director

cc:  WORKDAY, INC.                    Scott R. Lucas, Esq
     Attn: Director of Human Resources          Lucas, Bagnell & Varga LLC
     350 5th Avenue, Suite 4900           2425 Post Road, Suite 200
     New York, NY 10118                Southport, CT 06990

**EXHIBIT B**

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Dina Bisson
**COMPLAINANT**                                       CHRO No. 1620616

vs.                                                    EEOC No. 16A-2016-01493

Workday Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** January 17, 2017

Tanya A. Hughes, Executive Director

Service:
Complainant's attorney: slucas@lbv-law.com
Respondent's attorney: cdickinson@littler.com