UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DINA BISSON, | : | CIVIL ACTION NO.: |
| | : | 3:17-cv-00096 (AWT) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| WORKDAY, INC., | : | |
| | : | |
| Defendant. | : | MAY 17, 2017 |

## JOINT REPORT OF PARTIES' PLANNING MEETING

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26(f) of the United States District Court for the District of Connecticut, the parties, plaintiff Dina Bisson and defendant Workday, Inc., hereby submit their Joint Report of Parties' Planning Meeting and state as follows:

| | |
|---|---|
| Complaint Served: | January 30, 2017 |
| Date of Defendant's Appearance: | February 7, 2017 |
| Date of Rule 26 Conference: | April 21, May 10, and May 17, 2017 |

**I.   Certification**

Undersigned counsel, Attorney Scott R. Lucas for the plaintiff, and Attorney Craig T. Dickinson for the defendant, certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and the possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Jurisdiction over the subject matter of this litigation exists under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. As to those claims not arising under federal law but clearly so related to the claims in this action within the original jurisdiction of this Court, jurisdiction exists under the doctrine of supplemental jurisdiction as codified in 28 U.S.C. §1367.

### B. Personal Jurisdiction

Personal jurisdiction is not contested in this matter.

## III. Brief Description of Case

### A. Claims of Plaintiff

This action is brought by Dina Bisson and seeks damages arising out of defendant's discrimination in her employment and for retaliation in violation of Title VII and Connecticut and New York State law. Specifically, plaintiff brings claims of sex discrimination and retaliation in violation of 42 U.S.C. §§ 2000 and 2000e-3 (Title VII) (First and Third Counts), Conn. Gen. Stat. §46a-60(a)(1) and (4) (Second and Fourth Counts), New York State Human Rights Law, N.Y. Exec. L. §§290, et seq. (Fifth and Seventh Counts), and New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, et seq. (Sixth and Eighth Counts).

### B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant

Defendants deny all material allegations in Plaintiff's Amended Complaint and will assert defenses to Plaintiff's claims as are set forth in its Answer to the Amended Complaint, or as will be shown at trial. Defendants deny that they violated any of the laws or causes of action

alleged by Plaintiff and asserts that Plaintiff cannot demonstrate any viable claim. Any of Defendants' actions regarding the Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons.

      **C.**    **Defenses and Claims of Third Party Defendants**

Not applicable.

**IV.**    **Statement of Undisputed Facts**

Plaintiff and undersigned counsel for defendant certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed.

      **A.**    Plaintiff began her employment with defendant on or about November 9, 2015 in the capacity of Senior Recruiter, Sales.

      **B.**    Plaintiff's responsibilities included supporting the recruiting and hiring needs of several Regional Vice Presidents.

**V.**    **Case Management Plan**

      **A.**    **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Pretrial Deadlines as set forth below.

      **B.**    **Scheduling Conference with the Court**

The parties do not currently request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

    **C.**    **Early Settlement Conference**

    1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    2.    The parties do not request an early settlement conference.

    3.    The parties are willing to hold a settlement conference with a magistrate judge.

    4.    The parties do not currently request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.**    **Joinder of Parties and Amendment of Pleadings**

    1.    Plaintiff filed an Amended Complaint on March 30, 2017.

    2.    Defendant filed an Answer to the original Complaint on March 15, 2017.

    3.    Defendant shall be allowed until such time as permitted by the Federal Rules of Civil Procedure and the Local Rules to join additional parties and to file a response to any amended Complaint.

    **E.**    **Discovery**

    1.    Plaintiff anticipates that discovery will be needed on the following subjects and others as appropriate:

        a.    All facts and circumstances pertaining to allegations that defendant discriminated against plaintiff in violation of 42 U.S.C. §2000 (Title VII); C.G.S. §46a-60(a)(1); and New York State Human Rights Law, N.Y. Exec. L. §§290, et seq. and N.Y.C. Admin. Code §§8-101, et seq.;

        b.    All facts and circumstances pertaining to allegations that defendant retaliated against plaintiff in violation of 42 U.S.C. §2000e-3 (Title VII); C.G.S. §46a-60(a)(4); and New York State Human Rights

       Law, N.Y. Exec. L. §290, et seq. and N.Y.C. Admin. Code §8-101, et seq.;

    c. All subjects and issues arising out of defendant's defenses to plaintiff's claims; and

    d. Reports, opinions and testimony of experts engaged by the parties in connection with this matter.

    e. Plaintiff's compensation and damages;

    f. Any insurance policy insuring defendant against a loss in this case;

    g. The defendant's document retention policy; and

    h. The defendant's hiring, promotion, review and termination practices.

2. Defendant anticipates that discovery will be needed on the following subjects and others as appropriate:

    a. All subjects and issues fairly arising out of the claims of Plaintiff's Amended Complaint;

    b. All subjects and issues fairly arising out of Defendants' defenses to Plaintiff's claims;

    c. Plaintiff's employment history and performance while employed with Defendant;

    d. Plaintiff's employment history, performance and earnings at subsequent employers;

    e. Plaintiff's efforts to mitigate her alleged damages; and

    f. Plaintiff's alleged damages, including but not limited to her claim for emotional distress and her claim for recovery of attorneys' fees.

Neither party agrees that the subject matter or scope of each other's discovery subjects is necessarily proper, and reserves the right to object to same. The parties reserve the right to seek discovery to the full extent permitted by the Federal Rules of Civil Procedure and not just limited

to the foregoing subjects. The parties further reserve the right to object in response to any specific discovery request, and no waiver of any such objection is intended herein.

    3.    The parties anticipate that discovery of Electronically Stored Information ("ESI") will be needed and agree to the following:

    a.    The parties will preserve ESI, as appropriate, and continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of non-relevant, non-responsive information;

    b.    The parties agree to work cooperatively to address and resolve, without the Court's intervention, any electronic discovery issues that may arise. However, each party reserves the right to seek the Court's assistance to resolve any such issues that, after good faith efforts, they are unable to resolve without the Court's intervention;

    c.    If requested, the parties will produce ESI that is relevant, material and reasonably calculated to lead to the discovery of admissible evidence that is responsive, not privileged, and not inaccessible, subject to Rule 26(b) limitations that apply to all discovery;

    d.    If privileged or confidential ESI is inadvertently produced, the producing party may, by timely notice within thirty (30) days of becoming aware of such production, assert the privilege or protection and obtain return of the materials without waiver;

    e.    The parties have discussed the format for the production of ESI (e.g., Tagged Image File Format (TIFF or .TIF Files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

      i.      To the extent it exists, relevant, non-privileged emails and other electronic information will be produced by the parties in a reasonably usable form, either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs.

      ii.      A requesting party may obtain relevant, non-privileged emails and other electronic information in a format other than PDF or hardcopy only upon agreement by the parties or pursuant to court order consistent with Rule 34(b) of the Federal Rules of Civil Procedure.

      iii.      Any disputes regarding the bearing of costs for out of ordinary expenses of assembling and producing such emails and electronic data will be brought to the attention of the Court.  Counsel has instructed their clients to preserve electronic data related to Plaintiff's allegations against Defendants.

f.      With respect to the production of ESI, the parties agree that absent Court order or agreement of the parties, producing parties will not be required to produce data that is not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B). The parties further agree that ESI that is not reasonably accessible includes, but is not limited to, backup data, deleted data, fragmented data, legacy data, metadata or data that is otherwise not stored in a readily usable format and/or not organized for retrieval.

4.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may commence immediately following entry of the scheduling order.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by February 15, 2018.

5.      The parties request that discovery not be conducted in phases.

6.  The parties do not anticipate that there will be any issues for early discovery.

7.  Plaintiff currently anticipates a total of 6-8 depositions of fact witnesses and defendant currently anticipates a total of 3 -5 depositions of fact witnesses.

8.  The parties do not request permission to serve more than twenty-five (25) interrogatories on each party, but they reserve the right to do so.

9.  Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 31, 2017. Depositions of any such experts will be completed by December 15, 2017.

10. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports retained from experts by December 15, 2017. Depositions of such experts will be completed by February 15, 2018, the close of discovery.

11. A damages analysis will be provided by any party who has a claim or counterclaim for damages and will be produced by plaintiff and/or defendant in accordance with the schedule set for expert witnesses in Paragraphs 9 and 10 above.

**F.  Dispositive Motions**

Dispositive motions, if any, will be filed sixty (60) days after the close of discovery or April 16, 2018, whichever is later.

**G.  Joint Trial Memorandum**

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty (60) days after the Court's ruling on the last dispositive motion. If dispositive motions are not filed, the joint trial memorandum required by the Standing

Motion on Trial Memoranda in Civil Cases will be filed within sixty (60) days after the completion of all discovery.

## VI. Trial Readiness

This case will be ready for trial within 60 days after the filing of the Joint Trial Memorandum.

Plaintiff and undersigned counsel for defendant agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

                                              **THE PLAINTIFF**
                                              **DINA BISSON**

By:            /s/ Scott R. Lucas
                  Scott R. Lucas (ct00517)
                  Lucas & Varga LLC
                  2425 Post Road, Suite 200
                  Southport, CT 06890
                  Phone: (203) 227-8400
                  Fax: (203) 227-8402
                  slucas@lucasvargalaw.com

                  *Attorney for Plaintiff*


**THE DEFENDANT**
**WORKDAY, INC.**

/s/ Craig T. Dickinson
Craig T. Dickinson (ct18053)
Littler Mendelson, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510
Phone: (203) 974-8700
Fax: (203) 974-8799
cdickinson@littler.com

*Attorney for Defendant*

9

**CERTIFICATE OF SERVICE**

This is to certify that on this 17th day of May 2017 a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties, as listed below, by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

Craig T. Dickinson, Esq.
Littler Mendelson, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510
Phone: (203) 974-8700
Fax: (203) 974-8799
cdickinson@littler.com

/s/ Scott R. Lucas
Scott R. Lucas (ct00517)
Lucas & Varga LLC
2425 Post Road, Suite 200
Southport, CT 06890
(203) 227-8400
(203) 227-8402 (fax)
slucas@lucasvargalaw.com